UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JULIO DE LA CARDIDAD GARCIA,                Case No.: 20-14950-AJC

Debtor.                                      Chapter 7

_____/

**MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 707(b)(1) ARISING UNDER 11 U.S.C. SECTION 707(b)(3)**

COMES NOW Mary Ida Townson, United States Trustee for Region 21, and respectfully requests the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(3),[1] and in support hereof states as follows:

**FACTUAL BACKGROUND**

On June 27, 2022 (the "Petition Date"), Julio De La Caridad Garcia (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On the petition (ECF #1), the Debtor checked the box indicating the nature of debts are consumer debts. The Debtor filed the chapter 7 statement of current monthly income and means test calculation - Official Form 122A-1 (the "Official Form 22A") (ECF #4).

Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, to file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b). The section

---

[1] Unless otherwise indicated, all statutory references pertain to title 11 of the United States Code (the "Bankruptcy Code").

341(a) meeting of creditors (the "Meeting of Creditors") was held and concluded on August 23, 2022.

In accordance with her obligations under section 704(b)(1)(A), the United States Trustee investigated the financial affairs of the Debtor.

The United States Trustee contends that dismissal of this case is warranted under section 707(b)(3). In reaching this conclusion, the United States Trustee considered the following facts.

**Schedules and Statement of Financial Affairs**

On Schedule A/B, the Debtor claimed an ownership interest in real property with a value of approximately $280,000.

As for ownership interests in personal property, the Debtor valued his personal assets at $1,500.

On Schedule D, the Debtor disclosed one secured creditor, holding a secured claim on the debtor's homestead property. The amount of the claim is approximately $275,000.

On Schedule E/F, the Debtor listed unsecured claims in the total amount of $147,265. The majority of the Debtor's unsecured debt relates to credit cards.

According to Schedule G, the Debtor disclosed an interest in leasing a Mercedes Benz vehicle. The lease was obtained in November 2021.

According to Schedule I, the Debtor is single and is employed as a nurse at a local hospital. The Debtor reported "Combined Monthly Income" of $6,154.86 of Schedule I. The Debtor reported his monthly expenses as $6,584.32 on line 22 of Schedule J.

## ARGUMENT

**Totality of Circumstances**

Section 707(b)(3) provides that, in considering whether granting relief would be an abuse, the Court shall consider whether the Debtor filed the petition in bad faith, or that the totality of the

2

circumstances of the Debtor's financial situation demonstrates abuse.

BAPCPA replaced dismissal based upon "substantial abuse" under pre-BAPCPA section 707(b) with a lower "abuse" standard. See 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000. The legislative history provides:

> [S]ituations in which courts dismiss debtors from Chapter 7 today clearly continue to be grounds for dismissal under HR 2415, including such cases as In re Lamanna,153 F.3d 1 (1st Cir. 1998). In addition, since the standard is "abuse" rather than "substantial abuse," the courts are clearly given additional discretion to control abusive use of chapter 7 when that is appropriate ....
>
> The "bad faith" and "totality of the circumstances" of the debtors' situation is adopted as the appropriate standard. It is intended that all forms of inappropriate and abusive debtor use of chapter 7 will be covered by this standard, whether because of the debtors' conduct or the debtors' ability to pay. If a debtor's case would be dismissed today for "substantial abuse" as in In re Lamanna, ...it is intended that the case should be subject to dismissal after HR 2415. ... In dealing with ability to pay cases which are abusive, the presumption of abuse and the safe harbor protecting debtors from application of the presumption will not be relevant.

Prior to enactment of BAPCPA, there were three major approaches for determining "substantial abuse" under section 707(b): the ability to repay or "per se" rule; the "totality of the circumstances" approach; and the "hybrid" approach. Although the courts used different approaches, the common thread among the circuits was that if a debtor had the ability to repay even a portion of his or her debts out of future income, he should not be in chapter 7. See In re Leung, 311 B.R. 626 (Bankr. S.D. Fla. 2004); In re Matias, 203 B.R. 490 (Bankr. S.D. Fla. 1996).

Under amendments made by the BAPCPA, a court may, pursuant to section 707(b)(1), dismiss a chapter 7 case (or, with the debtor's consent, convert it to chapter 11 or 13), filed by an individual with primarily consumer debts, if it finds that granting relief would constitute an abuse of chapter 7. Abuse under section 707(b)(1) may be determined under two distinct and independent bases. First, pursuant to section 707(b)(2)(A)(i), a presumption of abuse may arise based on a mathematical analysis factoring in historic income, statutory expense "[s]tandards," and

select actual expenses. Second, if that presumption does not arise or is rebutted, a court may still determine a case abusive under section 707(b)(3).

Congress intended that cases that would be dismissed under former section 707(b) would still, after the BAPCPA, be subject to dismissal. Consequently, a debtor's ability to pay, standing alone, may warrant dismissal under section 707(b)(3). Post-BAPCPA, courts have adopted this approach. See In re Haman, 366 B.R. 307 (Bankr. D. Del. 2007).

In the Southern District of Florida, Judge Hyman published a post-BAPCPA opinion in In re Henebery, 361 B.R. 595 (Bankr. S.D. Fla. 2007). There, Judge Hyman specifically held that "under BAPCPA the ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. § 707(b)(3)(B)." Id. at 607. In following the other post-BAPCPA courts, Judge Hyman noted that section 707(b)(3)(B) "specifically delineates the pertinent inquiry as the 'totality of circumstances of *the debtor's financial situation*." Id. See also, In re Parada, 391 B.R. 492 (Bankr. S.D. Fla. 2008).

Based on the above, the particular facts of this case merit a dismissal under the totality of the circumstances standard of section 707(b)(3).

**Vehicle Expenses**

On Schedule J, the Debtor claimed the following expenses relating to the Mercedes Benz vehicle:

1) Transportation    $400
2) Insurance         $300
3) Car Payments      $1,327.91

The United States Trustee contends these expenses are unreasonable and that there is no basis for the Debtor to incur expenses in excess of $2,000 to keep and maintain a luxurious vehicle.

In determining the reasonableness of such expenses, the IRS National and Local Standards for Allowable Living Expenses provide some guidance and serves as a starting point. See Henebery, 361 B.R. at 612-13. As of the date of this motion, the applicable IRS national standards for the above expenses for one vehicle is $992. While the IRS Local Standards are presumptively reasonable amounts given the location of the Debtor's residence, the burden is on the Debtor to provide evidence to suggest the necessity for a greater amount. Here, the Debtor's claimed expenses are more than double than the IRS standards. The Debtor has not provided a reasonable explanation for why these expenses should be allowed at a higher amount.

## **CONCLUSION**

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7. The Court should dismiss this case under Bankruptcy Code section 707(b)(3) under the totality of circumstances standard. The Debtor has the ability to pay a significant dividend to creditors.

WHEREFORE, the United States Trustee requests that the Court enter an order: i) dismissing this case; and ii) granting such other and further relief as is deemed just and proper.

DATED: September 26, 2022.

MARY IDA TOWNSON
United States Trustee
Region 21

/s/ _____
Ariel Rodriguez, Trial Attorney
Florida Bar No.: 160253
U.S. Trustee's Office
51 SW 1st Ave.
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360
ariel.rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on September 26, 2022, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on the following parties not appearing electronically:

/s/ _____
Ariel Rodriguez, Trial Attorney